IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PEGGY MICHELLE GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-030 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Peggy Michelle Grant appeals the decision of the Acting Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.  BACKGROUND**

Plaintiff applied for DIB on June 14, 2013, alleging a disability onset date of April 14, 2013. Tr. ("R."), pp. 178. Plaintiff was thirty-eight years old at her alleged disability onset date and was forty-one years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 38. Plaintiff graduated from high school and attended

vocational-technical school for two years. R. 55. Prior to her alleged onset date, Plaintiff worked for approximately fourteen years as a respiratory therapist. R. 36, 225. Plaintiff applied for disability based on a left arm amputation, as well as allegations of back pain, carpal tunnel syndrome, pain spasms on stub, depression, anxiety, and dental pain. R. 57-58, 60-61, 224.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 64-65. Plaintiff then requested a hearing before an ALJ, R. 98-101, and an ALJ convened a hearing on May 6, 2015. R. 44-50. That hearing was adjourned to allow Plaintiff to obtain representation. R. 47. A different ALJ held a hearing on October 1, 2015. R. 51-63. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Kim Bennett, a Vocational Expert. Id. On October 30, 2015, the ALJ issued an unfavorable decision. R. 24-43.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 14, 2013, the alleged onset date. (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: amputated left arm, obesity, PTSD, depression, and anxiety. (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she can walk/stand six hours in an eight-hour workday.[1] She can only lift up

---

[1]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is

2

    to 10 pounds frequently with the right hand.  She is best suited performing SVP 3 level, semi-skilled work.  She should not require use of the non-dominant left arm.  She can frequently climb ramps and stairs but not ropes, ladders, or scaffolds.  She should not work around hazardous machinery or unprotected heights.  She can frequently crawl, crouch, stoop, kneel, balance, but not crawl.  [sic]  She can have occasional face-to-face interaction with the public but frequent interaction with co-workers and supervisors.  She should not perform fast pace work like assembly line, conveyor belt, or fast food.  Thus, the claimant is unable to perform any past relevant work.  (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569 and 404.1569(a)), including surveillance system monitor and call out operator.  Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from April 14, 2013, the alleged onset date, through October 30, 2015 (the date of the ALJ's decision).  (20 C.F.R. § 404.1520(g)).

R. 29-38.

  When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.  Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ (1) failed to properly consider the medical opinion evidence in the record when formulating Plaintiff's RFC; and (2) improperly evaluated Plaintiff's credibility.  (See doc. no. 14 ("Pl.'s Br."); doc. no. 16 ("Reply Br.").)  The Commissioner maintains the ALJ's determination that Plaintiff has an RFC for sedentary work is supported by substantial evidence.  (See doc. no. 15 ("Comm'r's Br.").)

---

  often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

## II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. <u>Wiggins v. Schweiker</u>, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

The case should be remanded because the ALJ failed to properly analyze and explain the weight assigned to the opinions of two state agency consultants, Antoinette Thaxton-Brooks, M.D., and Louise Tashjian, M.D., and a doctor who performed a consultative examination, Andre Haynes, M.D. The ALJ's discussion of these three medical sources provides no meaningful explanation concerning the weight assigned to the opinions or how the ALJ used the information in formulating Plaintiff's RFC. Moreover, the stated reason for discrediting the opinion of Dr. Haynes is contradicted by the record.

### A.  Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." <u>Watkins v. Comm'r of Soc. Sec.</u>, 457 F. App'x 868,

870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

### B.     Assigning Weight to Medical Opinions

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R §§ 404.1527(c), 416.927(c)). In the absence of a statement from the ALJ concerning the weight given to different medical opinions and the reasons for assigning such weight, the reviewing court will be unable to determine whether the decision is supported by substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining

6

source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Although ALJs are not bound by the findings of state agency doctors, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. Numerous courts have recognized this duty to address the opinions of state agency doctors. Wade v. Colvin, No. 3:12-cv-853-J-MCR, 2013 WL 3153846, at *4 (M.D. Fla. June 19, 2013) (remanding to Commissioner, in part, because of failure to explain rejection of part of opinion offered by state agency consultant); Plourde v. Barnhart, No. 02-164-B-W, 2003 WL 22466176, at *4 (D. Me. Oct. 31, 2003) (relying on SSR 96-6p to conclude that "[w]ithout discussion or explanation, the administrative law judge implicitly rejected all of the foregoing mental limitations (by state agency doctors). He was not free to choose simply to ignore this uncontradicted evidence, or pick and choose from it *sub silentio,* to craft an RFC."), *adopted by* 2003 WL 22722078 (D. Me. Nov. 18, 2003).

      **C.**    **The ALJ Did Not Sufficiently Explain the Reasons for the Weight Assigned to the Opinions of Drs. Thaxton-Brooks, Tashjian, and Haynes.**

The ALJ's opinion clearly shows that he was aware of the opinions of the two state agency consultants who reviewed Plaintiff's file in 2013, as the ALJ referenced both doctors by name and cited to their evaluations. R. 36 (citing Exs. 3A & 4A). The ALJ afforded the opinion of Dr. Thaxton-Brooks "some weight because the evidence of record does supports [sic] her RFC." R. 36. As for Dr. Tashjian, the ALJ afforded her opinion "little weight based on her lifting limitations." There is no discussion of the substance of either opinion, let alone an analysis of any other evidence of record supporting or contradicting any particular portion of either opinion.

7

Notably, however, the RFC adopts wholesale the postural limitations identified by both non-examining consultants: "She can frequently climb ramps and stairs but not ropes, ladders, or scaffolds. She should not work around hazardous machinery or unprotected heights. She can frequently crawl, crouch, stoop, kneel, balance, but not crawl [sic]."[2] Compare R. 31 with R. 70 (Dr. Thaxston-Brooks) and R. 78-79 (Dr. Tashjian). Both also opined, as the ALJ stated in his RFC, that Plaintiff could stand and/or walk for a total of about six hours in an eight-hour workday. Compare R. 31 with R. 69 (Dr. Thaxston-Brooks) and R. 78 (Dr. Tashjian). Yet, the ALJ stated he afforded differing weight to the two opinions, only singling out Dr. Tashjian's lifting limitations as the reason for affording that entire opinion – including the postural limitations incorporated into the RFC – little weight. R. 36

The postural limitations identified by Drs. Thaxton-Brooks and Tashjian appear to conflict with the limitations identified by Dr. Haynes, who examined Plaintiff in 2015. In assigning weight to Dr. Haynes's opinion, the ALJ stated only that the limitations identified as a result of that examination – moderately impaired abilities for bending, stooping, lifting, walking, crawling, squatting, carrying, traveling, pushing and pulling heavy objects (R. 507) – "are not consistent with the other evidence of record" because Plaintiff "did not consistent[ly] report problems with back pain throughout the record." R. 36.

Plaintiff correctly argues she "has consistently reported chronic back pain since her car accident in 2013." Pl.'s Reply, p. 2. A review of the record shows reports of back pain starting in November of 2013 and continuing until her June 2015 examination by Dr. Haynes. R. 416 (June 2015); 415 (April 2014); 473 (October 2014); 481 (April 2014); 491

---

[2]There is no explanation for this discrepancy regarding Plaintiff's ability to crawl.

8

(February 2014); 495 (January 2014); 498 (November 2013); 503 (June 2015); 531 (May 2014); 513 (May 2014).  Moreover, in summarizing a psychological consultative examination also conducted in June 2015, the ALJ recounted Plaintiff had reported back pain during that examination as well.  R. 32.  Thus, the ALJ's stated reason for discounting Dr. Haynes's opinion on limitations is contradicted by the record, and the Court cannot affirm the administrative decision as supported by substantial evidence.

The Commissioner's brief contains the details and analysis the ALJ's decision does not as to Drs. Thaxton-Brooks and Tashjian.  She offers a detailed examination of the opinions of these two state agency consultants and their various qualifying statements within their reports.  Comm'r's Br., pp. 15-16.  As to Dr. Haynes, the Commissioner argues the ALJ adequately analyzed and discounted Dr. Haynes's opinion about limitations based on a "lack of reported problems with back pain throughout the record."  Id. at 18-19.  However, as set forth above, the record contains two years' worth of complaints of back pain.

In sum, the Court cannot affirm the administrative decision as supported by substantial evidence.  The Commissioner's thorough examination and explanation of the record suggests Plaintiff can perform sedentary work as the ALJ concluded in the written opinion.  However, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered.  Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984)

9

(noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 30th day of March, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA